# EXHIBIT 1

CITATION
THE STATE OF TEXAS
CAUSE NO. D-1-GN-21-007133

MARCUS TURNER , PLAINTIFF(S)

vs.

HARVARD MEDTECH OF NEVADA LLC; KULDARSHAN S PADDA , DEFENDANT(S)

TO: **HARVARD MEDTECH OF NEVADA LLC**
C/O SHANNON EVANS, REGISTERED AGENT; Evans & Associates
2400 S CIMARRON ROAD #140
LAS VEGAS NV  89117

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **December 08, 2021** in the **353rd District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **January 06, 2022**

REQUESTED BY:
**Trillsch, Jennifer Brown
1605 LAKECLIFF HILLS LN. STE 100
AUSTIN, TX  78732
Work: 281-747-6020**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: **Adrian Rodriguez**

**R E T U R N**

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the **PLAINTIFF S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS
D-1-GN-21-007133

**SERVICE FEE NOT PAID**

12/8/2021 2:10 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-007133
Ruben Tamez

CAUSE NO. D-1-GN-21-007133 _____

MARCUS TURNER §
 §
 §
    Plaintiff, §
 §
V. §
 §
HARVARD MEDTECH OF NEVADA, LLC and §
KULDARSHAN S. PADDA §
 §
    Defendants. §

353RD, DISTRICT COURT
IN THE ___ DISTRICT COURT
TRAVIS COUNTY, TEXAS



JURY DEMANDED

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Marcus Turner, ("Plaintiff" or "Turner") files this original petition against Defendants Harvard MedTech of Nevada, LLC ("MedTech", and Kuldarshan S. Padda ("Padda") (collectively "Defendants"), and alleges as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.2.

### II.

### CLAIM FOR RELIEF

2. This is a suit to recover money damages for breach of contract in connection with an employment agreement and an agreement for employee stock options, and to recover for tortious conduct. Specifically, Defendants promised on at least three separate occasions – October 2020, December 2020, and June 2021 – to pay Plaintiff market-rate salary; promised on at least

Copy from re:SearchTX

two separate occasions – June 2021 and December 2021 – to "write a check" for the difference between below market-rate salary actually paid to Plaintiff and market rate salary promised; and promised to grant an additional point in stock in exchange for the delayed payment of market-rate salary. Defendants failed to perform any of these promises. As a result of Defendants' conduct, Plaintiff suffered damages and seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

### III.
### PARTIES

3. Plaintiff is a citizen of the State of Texas, residing in Travis County, Texas.

4. Defendant MedTech is a Nevada limited liability company with its principal place of business located at 6280 South Valley View Blvd., Suite 400, Las Vegas, NV 89118. Defendant may be served with process by serving its registered agent, Shannon L. Evans, Evans & Associates, at its registered office, located at 2400 S. Cimarron Rd. Ste 140, Las Vegas, NV 89117.

5. Defendant Padda is a citizen of the State of Nevada who may be served at 6280 South Valley View Blvd., Suite 400, Las Vegas, NV 89118.

### IV.
### JURISDICTION

6. This Court has subject matter jurisdiction because the matter in controversy exceeds this Court's minimum jurisdictional limits. This Court has personal jurisdiction over the Defendants because each engaged in continuous and systematic contacts with the State of Texas and purposefully availed themselves of the privilege of conducting activities in Texas. The Court also has personal jurisdiction over Plaintiff because he is a Texas resident.

Copy from re:SearchTX

## V.

## VENUE

7. Venue is proper in Travis County under Texas Civil Practice and Remedies Code section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County.

## VI.

## FACTS

8. In October 2020, Plaintiff and Padda negotiated the essential terms of an employment agreement, the result of which was an oral employment agreement (the "Employment Agreement") under which Plaintiff would begin contracting through the end of the year on a part-time basis based on compensation pending. In exchange for performance of duties typical of a Chief Technology Officer / Senior Vice President of Technology, Plaintiff was to receive a market-rate salary for the 2021 calendar year and a stock option with a four-year earn in at .25 percent per year as well as paid time off and reimbursement of business travel and other out-of-pocket expenses. As a result of Defendants' offer, Plaintiff undertook affirmative actions, including signing a stock option agreement and acknowledgements of receipt of various policies and procedures, and rejecting multiple other lucrative employment opportunities. In line with their agreement, Padda introduced Plaintiff to MedTech staff as Chief Technology Officer and Senior Vice President of Technology.

9. In December 2020, Defendants represented that they could not afford to pay market rates, but that they could onboard Plaintiff as an "(TX) IT TECH" in order to afford him health insurance and promised to adjust Plaintiff's salary to market-rate, in accordance with their October

3

Copy from re:SearchTX

2020 agreement, by the end June 2021 to take effect July 2021. Defendants further promised to "write a check" for the difference between market-rate salary earned between January and June 2021 and partial salary paid during this time period.

10. Based on these promises, Plaintiff assumed his full-time role for Defendants in January of 2021, during which he worked in excess of 40 hours per week. In the first month of his full-time employment, Padda continued to introduce Plaintiff to MedTech staff as Chief Technology Officer and Senior Vice President of Technology. From January to June 2021, Plaintiff received $11,829.96 as partial salary.

11. In April 2021, Plaintiff expressed concern to Padda that a toxic culture persisted within the company. Padda dismissed this concern and the culture remained unchanged. Nevertheless, Plaintiff persisted in performing his employment duties with the expectation that he would be compensated as promised.

12. At the end of June 2021, Defendants adjusted Plaintiff's salary to $175,000 per year – less than market rate – with the promises that Defendants would again adjust salary to market rate in September 2021 to take effect October 2021 and "write a check" for the difference between market-rate salary earned between January and August 2021 and partial salary paid during this time. In exchange for this further delay in payment of market-rate salary, Plaintiff also accepted Defendants' oral offer to increase Plaintiff's stock grant by one point.

13. In July 2021, as the Parties' relationship deteriorated, Plaintiff continued to endure intentional verbal abuse from Padda.

14. In late July 2021, Plaintiff informed Defendants of his intention to not continue employment in 2022 due to the verbal abuse and continuation and exacerbation of the toxic culture. Plaintiff did not immediately terminate the relationship due to the significant compensation owed

Copy from re:SearchTX

to Plaintiff based on the Employment Agreement. However, the Parties discussed other employment arrangements, including a consulting relationship. The Parties did not reach any agreement.

15. In August 2021 a proposal was offered that would move the Plaintiff into a 1099 relationship but would compensate an additional amount of at least $100,000 bonus compensation for the work previously performed and a duration of employment to ensure Plaintiff's ability to exercise 0.25% stock option, but agreement was never reached or executed.

16. Throughout the Employment Agreement, Plaintiff incurred business expenses in connection with performance of his employment obligations. Plaintiff documented some, but not all, of these expenses and submitted them in accordance with the Chief Operating Officer's instruction.

17. Plaintiff's employment abruptly concluded on or about September 16, 2021, in accordance with Defendants' termination letter. The termination letter erroneously stated Plaintiff resigned on August 23, 2021. Though Plaintiff had expressed his concern regarding the work environment and the Parties discussed alternative working relationships, Plaintiff did not resign and in fact continued to work more than 40 hours a week until Defendants' termination of his employment.

18. Defendants have failed and refused to tender Plaintiff the full compensation promised and owing. Defendants have also failed and refused to tender the compensation owed to reimburse Plaintiff for submitted expenses and for paid time off.

## VII.

### CONDITIONS PRECEDENT

19. All conditions precedent to Plaintiff's claim for relief have been performed or have

Copy from re:SearchTX

occurred.

## VIII.

## CAUSES OF ACTION

### Count 1: Breach of Contract

20. Plaintiff incorporates herein the allegations set forth in the foregoing Paragraphs.

21. Plaintiff and Defendants entered into a valid and binding Employment Agreement.

22. Plaintiff performed in accordance with the Employment Agreement.

23. Defendants have materially breached the Employment Agreement by failing and refusing to, among other things, make timely payment of Plaintiff's salary and reimbursement for expenses reasonably incurred by Plaintiff in the course of his employment duties.

24. Plaintiff has been damaged by these various material breaches in the form of actual and consequential damages, and in the form of damages as a result of the loss of the benefit of the bargain for which he entered into the Employment Agreement with Defendant, in an amount to be proven at trial.

### Count 2: Declaratory Judgment

25. Plaintiff asks that this Court enter a Declaratory Judgment that declares the respective rights of the parties under the Employment Agreement and stock option agreements (written and oral) made the basis of this lawsuit. Specifically, this Court should declare that Plaintiff is entitled to the grant of an additional one point in stock. Furthermore, this Court should declare and/or interpret Plaintiff's rights under his Employment Agreement, in general, and with respect to Defendants' obligation to compensate Plaintiff with market-rate compensation in the amount to be determined at trial by virtue of their misconduct.

Copy from re:SearchTX

## IX.

## ATTORNEY FEES

26.     Plaintiff has been forced to secure the assistance of counsel to protect his legal rights and mitigate his damages as a result of Defendants' wrongful conduct. Having made proper presentment, Plaintiff seeks recovery of his reasonable attorneys' fees, expenses and costs pursuant to Chapter 37.001 et seq. and 38.001 of the Texas Civil Practice and Remedies Code.

## X.

## REQUEST FOR DISCLOSURE

27.     Under the provisions of Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## XI.

## PRAYER

28.     For the foregoing reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against them for the following:

    a. Monetary relief including actual, compensatory and consequential damages;

    b. Attorney fees;

    c. Court costs;

    d. Pre-judgment interest;

    e. Post-judgment interest;

    f. All other relief to which Plaintiff may be entitled.

Copy from re:SearchTX

Dated: December 8, 2021

Respectfully submitted,

*Jennifer Trillsch*
JENNIFER BROWN TRILLSCH
Texas Bar No. 24045571
Jennifer.Trillsch@jonesspross.com
ALEXIUS MILLER
Texas Bar No. 24117343
Alexius.Miller@jonesspross.com
1605 Lakecliff Lane, Ste 100
Austin, Texas 78732
(281) 747-6020
***Attorneys for Plaintiffs***

8

Copy from re:SearchTX