UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARCUS TURNER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:22-cv-00083-RP** |
| | § | |
| **HARVARD MEDTECH OF** | § | |
| **NEVADA, LLC and** | § | |
| **KULDARSHAN S. PADDA** | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, SUBJECT THERETO, MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, FOR TRANSFER TO THE DISTRICT OF NEVADA**

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2) and (3), Defendants Harvard MedTech of Nevada, LLC ("HMT") and Kuldarshan S. Padda ("Padda") request that the Court dismiss this civil action for lack of personal jurisdiction over Defendants or, subject thereto, dismiss this matter for improper venue or, in the alternative, transfer this matter to the United States District Court for the District of Nevada as permitted by 28 U.S.C. § 1406(a).[1]

In support of this motion, Defendants rely upon all papers on file in this matter, Exhibit 1 attached hereto and any additional arguments the Court may permit in this case.

---

[1] FRCP 12(a)(4) provides that filing a motion under Rule 12 suspends the requirement to file a responsive pleading to a Complaint until 14-days after the Court has ruled upon the motion unless the Court has set a different time.  In this case, the Court issued a Text Order on February 8, 2022 directing Defendants to file a response to Plaintiff's Complaint on or before February 22, 2022. This Order was issued in response to Defendant's unopposed motion for extension of time.  Dkt. 4.  For the purpose of litigation efficiency, and pursuant to FRCP 6 and 12(a)(4), Defendants request that they be permitted to file a responsive pleading to the Complaint within 14-days after the Court has decided this motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

1.     Defendants HMT and Padda filed a Notice of Removal in this civil action on January 31, 2022.  Dkt. 1.  Attached to the Notice of Removal was a copy of Plaintiff's Original Petition filed in the 353rd Judicial District Court of Travis County, Texas.  Dkt. 1, Ex. 1.

2.     According to Plaintiff's Petition, HMT "is a Nevada limited liability company with its principal place of business located at 6280 South Valley View Blvd., Suite 400, Las Vegas, Nevada 89118" and Defendant Padda "is a citizen of the State of Nevada."  Dkt 1, Ex. 1, p. 4. Plaintiff claims to be a citizen of Texas residing in Travis County.  *Id.*

3.     Plaintiff's Petition characterizes his lawsuit as one for recovery of money damages "for breach of contract in connection with an employment agreement and an agreement for employee stock options."  Dkt 1, Ex. 1, p. 3.  According to Plaintiff, he "negotiated the essential terms of an employment agreement, the result of which was an oral employment agreement (the "Employment Agreement") under which Plaintiff would begin contracting through the end of the year on a part-time basis based on compensation pending."  Dkt. 1, Ex. 1, p. 5 (emphasis supplied).

4.     Plaintiff alleges in his Petition that "Plaintiff's employment abruptly concluded on or about September 16, 2021 in accordance with Defendants' termination letter" which, according to Plaintiff, "erroneously stated Plaintiff resigned on August 23, 2021."  Dkt 1, Ex. 1, p. 7, ¶ 17.  For purposes of this lawsuit, Plaintiff and his counsel are emphatic in maintaining that "Plaintiff did not resign."  *Id.*

5.     Despite the assertions in Plaintiff's Petition alleging he "did not resign," Plaintiff emailed Padda on September 2, 2021 (or 14-days prior to Padda's letter memorializing Plaintiff's resignation) stating "[a]s you know, I resigned on 8/24 but was (and continue to be) very interested in working on an interim solution to ensure that nothing gets dropped and the most important stuff

gets moving again." *See* Exhibit 1, page 8.[2]  In that same email, Plaintiff also stated that "I realize I am forfeiting at least ¾ of the stock grant . . . maybe all of it." *Id*.  Additionally, and despite the alleged "toxic culture" and "verbal abuse" referenced in his Complaint (Dkt. 1, Ex. 1, p. 6, ¶¶ 11, 13), Plaintiff noted in his September 2, 2021 email to Padda that his leaving the company "makes me sad." *See* Exhibit 1, page 8.  Finally, and presumably to help explain his voluntary resignation, Plaintiff noted in that same email that he did not "believe the current HMT employment agreement is something I can execute." *Id*.  Relying upon that representation from Plaintiff, HMT memorialized Plaintiff's resignation in a subsequent letter sent to him via express mail (*See* Exhibit 1, pp 10-11) by noting "[w]hen you were in Las Vegas on August 23rd, you resigned." *See* Exhibit 1, page 9.

6.  Following separation from HMT, Plaintiff sought unemployment benefits from the Texas Workforce Commission ("TWC") which identified his employer as "Advanstaff, Inc." *See*. Exhibit 1, p. 4.  In paperwork submitted to the TWC, Plaintiff stated that "employer is fraudulently stating that I quit, but I was terminated without notice or even a valid employment contract other than verbal." *See* Exhibit 1, p. 5.  In that same paperwork, Plaintiff reiterated that he was "FIRED FROM ASSIGNMENT" and that any claim that he resigned is "NOT TRUE" because "I obviously would have sent a resignation letter if I had any intention of resigning." *Id*.

7.  After Advanstaff appealed Plaintiff's award of unemployment benefits given his clear resignation from employment, TWC set a telephonic hearing for February 8, 2022. *See* Ex. 1, p. 4.  According to the TWC website explaining the appeal process, witnesses are placed under oath by the hearing officer adjudicating the matter.[3]  Plaintiff failed to appear for the February 8, 2022

---

[3] https://www.twc.texas.gov/jobseekers/during-appeal-hearing

hearing where he would have had to provide sworn testimony to justify his receipt of unemployment benefits and explain his September 2, 2021 email to Padda referencing his resignation from employment.  *See* Exhibit 1, pp. 1-3.

## II.    ARGUMENTS

### A. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST HMT AND PADDA FOR LACK OF PERSONAL JURISDICTION

8.    Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits.[4]  *Walden v. Fiore*, 571 U.S. 277, 283 (2014).   In Texas, courts evaluate personal jurisdiction over nonresident defendants through a two-step inquiry, ensuring compliance with the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment.  *Defense Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020).   Texas' long-arm statute specifically provides for personal jurisdiction over nonresidents who "do business" in Texas or "commit a tort" in Texas.  Tex. Civ. Prac. & Rem. Code § 17.042.  As the United States Court of Appeals for the Fifth Circuit has observed, "the Texas long-arm statute extends to the limits of federal due process."  *Sangha v. Navig8 ShipManagement Private, Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).  Therefore, "the two-step inquiry" of assessing the long-arm statute and due process "collapses into one federal due process analysis."  *Id.*

9.    The Due Process Clause permits jurisdiction over a nonresident defendant who has minimum contacts with the forum state only if imposing judgment does not "offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310,

---

[4] Whenever "the alleged facts are disputed," the party asserting personal jurisdiction has the burden to prove it exists.  *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).  If a defendant has moved to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to identify facts that show a *prima facie* case for jurisdiction.  *Defense Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020).

316-17 (1945).  In evaluating minimum contacts, a federal court must first ask if the subject defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.  *Grewal*, 971 F.3d at 490.  Second, a court must ask if the case arises out of the results from the defendant's forum related contacts.  *Id*.  Third, a court must determine whether the exercise of personal jurisdiction over the defendant would be fair and reasonable.  *Id*.  Only if all three questions can be answered in the affirmative will personal jurisdiction over the out-of-state defendant satisfy due process.  *Id*.

10.  Although Plaintiff's Petition alleges that "[t]his Court has personal jurisdiction over the Defendants because each engaged in continuous and systematic contacts with the State of Texas and purposefully availed themselves of the privilege of conducting activities in Texas" no actual specifics are provided to support this claim. Dkt. 1, Ex. 1, p. 4, ¶ 6.  In fact, the opposite is true.  According to the paperwork submitted to the TWC, Plaintiff's employer was Advantstaff, Inc. *See* Exhibit 1, p. 4.  Further, by Plaintiff's own admission, HMT is a Nevada limited liability company with its principal place of business in Nevada. Dkt. 1, Ex. 1, p. 4.  Finally, Padda is neither Plaintiff's employer nor has he ever set foot in Texas for any purpose related to Plaintiff's prior association with HMT let alone any of the activities alleged in the Complaint.  *See* Exhibit 1, pp. 1-3.  In fact, Plaintiff would routinely travel to Nevada for meetings and resigned while he was in Nevada for one such meeting with Padda. *Id*.  Simply put, all operative "facts" pertaining to the gravamen of Plaintiff's case occurred or otherwise transpired in Nevada.

Plaintiff must prove that (1) HMT and Padda purposely directed activities toward Texas and availed themselves of the privileges of conducting business in the state, (2) that this case arises out of Defendants' activities in Texas and (3) that the exercises of personal jurisdiction over HMT and Padda will be fair and reasonable.  Plaintiff cannot meet this burden.  The Petition is

completely devoid of any facts showing Defendants' activities in Texas. Accordingly, under FRCP 12(b)(2) the Court should dismiss HMT and Padda for lack of personal jurisdiction. Requiring these Defendants to defend themselves in Texas, a state with which they have had no meaningful connection (Exhibit 1, ¶3) apart from the fact that it happens to be Plaintiff's home, would be unfair, unreasonable and violative of due process considerations.

    B.  **SUBJECT TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST HMT AND PADDA FOR LACK OF PROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER THE MATTER TO FEDERAL COURT IN NEVADA**

11. A party may seek to dismiss a case pursuant to FRCP 12(b)(3) for lack of proper venue. Relatedly, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying in venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A plaintiff has the burden to establish that venue is proper once a defendant moves to dismiss for improper venue. *Broadway National Bank v. Plano Encryption Techs., LLC*, 173 F.Supp.3d 469, 473 n.2 (W.D. Tex. 2016). When deciding a FRCP 12(b)(3) motion, a court may look at evidence in the record beyond simply those facts alleged in the complaint. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

12. In deciding whether to transfer a case to another district, a court will consider several private and public factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Private factors include the following: (1) the plaintiff's choice of forum, (2) the convenience of the parties and witnesses,[5] (3) the cost of attendance of witnesses and other trial expenses, (4) the availability of

---

[5] The relative convenience of the witnesses is often recognized as the most important factor. *LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1060 (S.D. Tex. 1998). However, it is the convenience of non-party witnesses, rather than the party witnesses, that is the more important

compulsory process, (5) the relative ease of access to sources of proof, (6) the place of the alleged wrong, and (7) the possibility of delay and prejudice. *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 789 (S.D. Tex. 2005) (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Public factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary conflict of law problems. *Id*.

13. Here, all private factors favor dismissal/transfer of this matter. First, the evidence clearly establishes that Plaintiff voluntarily resigned from employment while he was in Las Vegas, Nevada. App. 8. Whether he resigned or was fired is the central issue in this purported "breach of contract" case. Accordingly, what occurred in Las Vegas on or about August 23, 2021 (the date referenced by Plaintiff in his September 2, 2021 email – *See* Exhibit 1, p. 8) is of paramount importance in this case. If Plaintiff contends that he did not resign on August 24, 2021 and that Defendants are incorrectly designating his termination a resignation, then that alleged wrong occurred in Nevada.

14. Following his voluntary resignation, Plaintiff had discussions with Padda in Las Vegas and Padda in turn discussed the matter with other Las Vegas based employees on or about the same day. App. 1-3. Thus, Plaintiff's representations to Padda while he was in the HMT office in Las Vegas and his interactions with other employees on that day will be highly relevant in this case. Apart from Plaintiff, there are no witnesses that reside in Texas. App. 1-3. To the contrary, the majority of witnesses, documents and other sources of proof in this case are based in Las Vegas.

---

factor and is accorded the greatest weight in deciding a transfer. *State Street Capital Corp., v. Dente*, 855 F.Supp. 192, 198 (S.D. Tex. 1994).

Indeed, prior to initiating this lawsuit, Plaintiff's counsel sent a letter to HMT headquarters in Las Vegas directing the preservation of "all electronically stored information, copies and backup, along with any paper files that are relevant to this dispute." *See* Exhibit 1, p. 12. The import of this communication is that counsel for Plaintiff herself apparently believes that Las Vegas, Nevada is the location where most relevant documents (i.e. sources of proof) pertaining to this dispute exist. Thus, having this case proceed in Texas instead of the place where the overwhelming majority of witnesses[6] and sources of proof exist will lead to delay and prejudice.

15. Turning to public factors, there is a significant local interest in having this case, which is subject to Nevada law, proceed in Nevada. The United States District Court for the District of Nevada will be better equipped to apply Nevada law to this breach of contract action arising out of an employment type relationship formed in Nevada and where, according to Plaintiff's counsel, the majority of proof pertinent to this litigation exists. Indeed, the central event germane to this case, namely whether Plaintiff resigned or was fired on August 24, 2021 while he was in Las Vegas, occurred in Nevada. Should the Court transfer this case to Nevada, Plaintiff will experience no prejudice whatsoever. He has remedies available to him under Nevada law and will be free to pursue his case in the jurisdiction where the majority of witnesses and proof exist.

## <u>CONCLUSION</u>

For all the reasons set forth herein, the Court should either dismiss this action outright for lack of personal jurisdiction over the Defendants or improper venue or transfer it to the District of Nevada which is the jurisdiction where the majority of witnesses and source of proof exist. Constitutional principles of due process and fairness support such a result.

---

[6] Given that all non-party witnesses reside in Nevada, it will be burdensome and inconvenient for this matter to proceed in Texas.

Date:  February 22, 2022                            Respectfully submitted,

THE LAW FIRM OF T. WADE JEFFERIES
100 Congress Avenue, Suite 2000
Austin, Texas 78701

/s/  T. Wade Jefferies
T. Wade Jefferies
Attorney for Defendants HMT and Padda
Texas State Bar No. 00790962
Phone: (512) 201-2727
Fax: (512) 469-3711
Email:  twadejeffries@twj-law.com

PAUL PADDA LAW
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103


_____
Paul S. Padda, Esq.
Attorney for Defendants HMT and Padda
Nevada State Bar No. 10417
*Motion for Pro Hac Vice Forthcoming*
Phone: (702) 366-1888
Fax: (702) 366-1940
Email:  psp@paulpaddalaw.com


## CERTIFICATE OF SERVICE

I certify that on February 22, 2022, a copy of Defendants' Notice of Removal was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys in charge for Plaintiff:

Jennifer Brown Trillsch
Jenifer.Trillsch@jonesspross.com

Alexius Miller
Alexius.Miller@jonesspross.com

I certify that Jennifer Brown Trillsch and Alexius Miller are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ T. Wade Jefferies
T. Wade Jefferies

9