# EXHIBIT 1

## DECLARATION OF KULDARSHAN S. PADDA

I, Kuldarshan S. Padda, do hereby declare the following:

1. I am providing this declaration based upon my personal knowledge and in support of a motion to dismiss filed in the matter styled Marcus Turner v. Harvard Medtech of Nevada, LLC, et. al., Case No. 1:22-cv-0083-RP (W.D. Tex.) which is pending before this Court. I am competent to testify to the matters set forth herein if called upon to do so.

2. I am the Managing Director of Harvard Medtech of Nevada, LLC. I can testify that Marcus Turner was never an employee of Harvard Medtech of Nevada, LLC. Instead, he was an employee of Advanstaff, Inc. (doing business as "Peoplesystems"). Harvard Medtech, LLC (a separate and distinct company from Harvard Medtech of Nevada, LLC) paid Advanstaff for Mr. Turner's services. Harvard Medtech, LLC is also, like Harvard Medtech of Nevada, LLC, a Nevada limited liability company. I am a resident and citizen of Nevada.

3. Neither Harvard Medtech, LLC nor Harvard Medtech of Nevada, LLC have engaged in any activities in Texas relevant to the claims set forth in Mr. Turner's Complaint. Instead, Mr. Turner would travel to Las Vegas, Nevada during a portion of his time working for Advantstaff, Inc. to meet with myself and other employees in Las Vegas. I can further testify that I have never travelled to Texas to meet with Mr. Turner and that I have not had systematic, continuous contacts with Texas as alleged in the Complaint.

4. I have reviewed Mr. Turner's Complaint filed in this matter and can further testify that his claim that he was fired from employment is incorrect. The truth is that Mr. Turner notified me during an in-person meeting held in Las Vegas on or about August 24, 2021 that he was resigning employment. Following this meeting, Mr. Turner sent me an email on September

1

**001**

2, 2021 confirming this fact: "As you know, I resigned on 8/24." The document in this Appendix bates numbered 8 is a true and correct copy of the email that Mr. Turner sent me.

5. Upon receipt of Mr. Turner's email, my office sent him a letter on or about September 17, 2021 memorializing his resignation. The document bates numbered 9 and included in this Appendix is a true and correct copy of the letter that was sent to Mr. Turner. The letter was sent via express mail and the "tracking history" from the United States Postal Service's website reflects that Mr. Turner received this letter on September 20, 2021. *See* bates #10 and #11.

6. By letter dated October 1, 2021 I was notified by Mr. Turner's counsel that my office should preserve various types of evidence located in Las Vegas, Nevada. The document bates numbered 12 is a true and correct copy of the letter I received from Mr. Turner's counsel.

7. At or around the time I received Mr. Turner's counsel's October 1, 2021 letter, I became aware that Mr. Turner had also filed for unemployment benefits with the Texas Workforce Commission ("TWC"). It was my understanding at the time that Advanstaff intended to contest Mr. Turner's receipt of unemployment benefits given his resignation from employment. To that end, I was surprised to learn from some of the paperwork filed by Mr. Turner with TWC that he was claiming he was fired from employment rather than voluntarily quit. This claim stands in direct contradiction to my personal interactions and discussions with Mr. Turner on August 24, 2021 in Las Vegas. The documents bates numbered 4 through 7 (but slightly redacted to protect personal identifying and sensitive information) are true and correct copies of documents I was provided related to Mr. Turner's application for unemployment benefits.

8. A hearing before the TWC was held on February 8, 2022. Mr. Turner did not appear or otherwise testify in that proceeding to determine his eligibility for unemployment benefits. I testified in that proceeding.

9. After Mr. Turner notified me on or about August 24, 2021 that he was quitting employment, I discussed the matter with a few employees in my Las Vegas office. All of those employees work in my Las Vegas office and are located in Nevada.

10. I wish to notify the Court that having to defend this case in Texas will be very burdensome for me and my company, including non-party witnesses (e.g. other employees).

I declare, under penalty of perjury, that the foregoing is true and correct.

Kuldarshan S. Padda

Dated: February 22, 2022

3

003

1 - B

# Texas Workforce Commission
## Notice of Telephone Hearing

Case/Appeal No: 3070477  Proceeding: 1  Hearing: 2    Date Mailed: JANUARY 24, 2022

| | |
|---|---|
| **Claimant:**  SSN: XXX-XX▮▮▮▮<br>MARCUS C TURNER<br>7209 DAVENPORT DIVIDE ROAD<br>AUSTIN TX 78738<br><br>Hearing Date:<br>**TUESDAY, FEBRUARY 8, 2022**<br><br>Register at **texasworkforce.org/hearing**<br>or by calling **1-800-252-3749** between 2:00 PM and 2:30 PM for your hearing.<br><br>Note: If you live in or near El Paso, the hearing time will be one hour earlier than shown above. | **Employer: PI   Account: 12-888441-6**<br>ADVANSTAFF INC<br>% NATIONAL EMPLOYERS COUNCIL<br>DBA PEOPLESYSTEMS<br>PO BOX 4816<br>SYRACUSE NY 13221-4816<br><br>Hearing Start Time:<br>**2:30 PM**<br>Central Standard Time<br><br>Hearing Officer:<br>**J. MCKENZIE**<br><br>SS# 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<br>ER# 128884416<br>Self-TH |

### What You Must Do:

➢ **Send documents before the hearing.** If any documents you feel are important to your case are not included in this hearing packet, immediately fax or mail copies of the documents to the **hearing officer and the other party**. Documents should be received at least two working days prior to the scheduled hearing. Provide the Appeal number, the claimant's name, and the last four numbers of the claimant's Social Security number.

➢ **Register for your hearing.** This hearing will be held by telephone conference call. On the hearing date, **register online at texasworkforce.org/hearing or call (800) 252-3749 within the 30 minutes before the hearing start time.** Give the operator the phone number where you can be reached for the hearing. If you call from a pay phone, be sure it can receive incoming calls.

**Please review the hearing packet and have it available at the hearing.**

The hearing may be your only chance to tell what happened, present your documents, and ask questions of the witnesses. If you do not register online at texasworkforce.org/hearing or call (800) 252-3749 within the 30 minutes before the hearing start time, you may not be allowed to participate in the hearing. You will **not** have another opportunity to offer testimony unless you can establish good cause for why you did not call in as instructed. Employers who are not parties of interest (indicated above as NPI) do **not** have the right to request a new hearing, nor to appeal.

Visit **texasworkforce.org/appeals** or **texasworkforce.org/appealsemployers** for more information on the appeal and hearing process.

| | |
|---|---|
| Appeal filed by: Employer<br>Appeal Date: 10/27/2021<br>Initial Claim Date: 09/19/2021<br>Determination Date(s): 10/15/2021 | J. MCKENZIE, Hearing Officer<br>Texas Workforce Commission<br>101 E.15th St.Rm.410<br>Austin,Tx 78778<br>Hearing Officer (281) 983-2643<br>Fax No. (972) 522-7698 |

11 - A

Page. 1

## Benefits  Non-Monetary Determinations
### Fact Finding

SSN. XXX-XX-████     MARCUS C TURNER       Case Nbr: 1
Issue Nbr: 1    Type: FIRED   Reason: FIRED-INTAKE-INTERNET
Stmt Nbr: 1     of: 4    Stmt of: Claimant         Taken: 09-24-2021 05:23:03 PM

Name. Title:
Phone Stmt: N   Claim ID. 2021-09-19   Claim Dt 09-19-2021   Rebuttal:   Footnote: N

What was the reason your employer gave you when you were fired?
 The employer is fraudulently stating that I quit, but I was terminated withou
 .t notice or even a valid employment contract other than verbal
Name of the person who told you that you were fired: Shan Padda
Title of the person who told you that you were fired: CEO
Did something specific happen that caused you to be fired?_ N
Explanation: I assume if it was for cause, that would have been stated. The
 termination letter fraudulently claimed that I quit. No such thing happened.
Did you have any warnings related to the reason you were given for being
fired?_ Y
Explanation: The CEO is a fraud and liar and I told him in July that we would
 need to close by the end of the year. He owes SUBSTANCIAL back pay and is s
 imply trying to get out of it.
Did you do what you were warned about?_ N
Explanation: Stated that I resigned and is NOT TRUE written or verbal. I obv
 iously would have sent a resignation letter if I had any intention of resigni
 ng which would have cost me over >$100k in cash and equity.I was trying to
 work though this and the CEO was supposed to come up with a package per our v
 erbal employment agreement.

────────────────────── END ──────────────────────
*** No footnote entered ***

Page: 2

## Benefits  Non-Monetary Determinations
### Fact Finding

SSN XXX-XX-████     MARCUS C TURNER       Case Nbr: 1
Issue Nbr: 1    Type: QUIT    Reason: FAILED TO REPORT FOR FURTHER ASSIGNMENT
Stmt Nbr: 2    of. 4    Stmt of: Claimant        Taken: 10-09-2021 09:45:53 AM

Name. MARCUS C TURNER   Title:
Phone Stmt: Y   Claim ID: 2021-09-19   Claim Dt. 09-19-2021   Rebuttal: N   Footnote: N

Why leave last job? FIRED FROM ASSIGNMENT
If working for a professional employer organization (staff leasing agency): When you completed your
assignment, did the professional employer organization or the client company where you were assigned
provide you written notice and written instruction advising you to report back to the professional employer
organization for further assignment? N
Told that failure to report for further assignment could jeopardize rights to unemployment benefits? N

14 - A

## Employer Response to Notice of Application for UI Benefits

SSN: XXX-XX-　　　　MARCUS C TURNER
Claim Date: 09-19-2021   Claim Type: IC   PGM: REG   Claim ID: 2021-09-19

Employer: 12-888441-6   ADVANSTAFF INC
Correct Last Employer: Y
Monetarily Eligible: Y
Source: SIDES

Notice Sent: 09-27-2021
Due: 10-12-2021
Claimant Separation Reason: FIRED

Responded: 10-07-2021
Response Type: SIDES   Confirmation #:
Employer Separation Reason: QUIT
TWC Action: ROUTE ONLY
Current Investigator: NAKITA KNOX

### Employment Information

Date Range Worked: 12-21-2020   Thru   09-16-2021
Gross Wages Earned:

---

Wages In Lieu Of Notice: N   Paid Thru:
On Temporary Layoff: N   Recall Date:
Paid Vacation Days: N   Paid Thru:

---

Responder's Name:   　　　　TWC Account: 128884416
Responder's Title: Client Speciali   Phone:
Contact Person: Lynne Elmer   Phone: (315)471-2627 x193

------------- Additional Information Regarding Separation -------------

------------- Inadequate Untimely Employer Response -------------

Employer Name: ADVANSTAFF INC
Employer ID: 12-888441-6
Late or Inadequate Response Total: 0

SIDES RESPONSE DETAILS

006

20 - A


**PeopleSystems**

October 27, 2021

**Appeal Tribunal**
**Texas Workforce Commission**
**101 E 15th St**
**Austin, TX 78778-0002**

Reference#:   211027.337.1444
Claimant:     Marcus C. Turner
SSN#:
Employer:     Advanstaff, Inc.
ER#:          128884416

To Whom It May Concern:

This is to advise you that we are writing on behalf of Advanstaff, Inc., ER # 128884416, for whom we have power of attorney.

We are in receipt of the notice of determination dated 10/15/2021, and we disagree. We wish to appeal further and respectfully request a re-determination or a hearing.

The claimant was hired on 7/1/21 as CTO. The claimant was a voluntary quit as of 9/16/21. The claimant refused to sign the employer's employment agreement, which is a condition of hiring. The claimant kept dragging it out and then decided he did not want to sign it and did not want to be an employee. The claimant advised the CEO, Shan Padda, at an onsite meeting in Las Vegas on 8/24/21 that he was resigning as an employee but wanted to stay on as a 1099 employee starting 9/17/21. This was contingent upon the claimant providing a proposal for the 1099 agreement, which he never did. The claimant's last day as an employee was 9/16/21. Continuing work was available had the claimant either signed the employment agreement or followed through with the 1099 agreement. Please see attached supporting documentation.

Please re-determine or process as a hearing request. If possible, please schedule the hearing by telephone. Thank you.

Respectfully,

*Lynne Elmer*

Lynne Elmer, ext: 193
Team09@peoplesystems.com
Client Specialist

PO Box 4816 Syracuse, New York 13221   Phone: 315.471.2627   Fax: 315.471.2872   peoplesystems.com

## John Roberts

| | |
|---|---|
| **From:** | Marcus Turner |
| **Sent:** | Thursday, September 2, 2021 2:58 PM |
| **To:** | Shan Padda |
| **Subject:** | Contract review ... |

Hey Shan –

I know that you are in Chicago, so I was wondering if I could grab 15 minutes in the morning prior to your meetings. If not, next week is fine ... just reiterating that the employment agreement is tightly coupled with my termination resolution.

What I would like to discuss is the "path forward".

As requested, I have reviewed the employment agreement and I just can't get my head around it. (Comparing it to the document from the time, it's MUCH better, but also very strong (FAANG strong).

As you know, I resigned on 8/24 but was (and continue to be) very interested in working out an interim solution to ensure that nothing gets dropped and the most important stuff gets moving again.

You asked if there was anything that can be done to change my mind and I was then (and still am) firm on that it's best.

I love the idea you had (separation of roles), but a couple of things I wanted to discuss:
- I am leaving in 2022 (makes me sad, but it's the decision I made after considerable consideration)
- I realize that I am forfeiting at least ¾ of the stock grant ... maybe all of it
- We need to address 1/1/2021-6/30/21 (you talked about paying me, I (at that time was focused on stock) ... just need a resolution that is fair).
- I am open to delayed payment 1099 or anything we can align on ... $106k for 2022 just can't fly (especially we know that I will be forfeiting the stock option)

Let me know when is a good time to discuss. I can be next week, but I don't believe the current HMT employment agreement is something I can execute.

Thanks in advance,
..marcus..

1



Notice of Termination

Marcus Turner:

Dear Marcus,

Thank you for your commitment to Harvard MedTech (HMT) and all your efforts. Unfortunately, as we both agreed, the relationship was not working. When you were in Las Vegas on August 23rd, you resigned. We then mutually agreed to try to give it a second chance and reassess in 2 weeks. We then, again, both agreed it was not working and that we would therefore work toward ending your formal employment with HMT by 9/17/21 and explore transitioning to a 1099 relationship. Therefore, based on your initial resignation and mutual agreement, your employment with Harvard MedTech has ended effective 9/16/21.

I look forward to your thoughts on how to structure a 1099 relationship. Should your proposed structure be appropriate for the company, we would look forward to pursuing trying to come to agreement on that structure.

In the meantime, this will be processed as a typical voluntary employee termination triggering notification of continuation of coverage under COBRA and additional notifications from AdvanStaff. Also, we will prepare a list of all the equipment etc. you have that is the property of HMT and work with you on how to return that to HMT. We would also remind you that you are in possession of confidential information and documents that belong to HMT and ask you to return those. As a reminder, you signed an NDA and we expect you to honor the terms of that NDA. We reserve our rights to legally enforce those terms, should it be necessary.

If you have question about any of the above, please feel free to reach out directly to Duane Scholer to assist you with those matters.

Once again, I want to thank you for all efforts while you were with HMT. I look forward to receiving your proposal on a 1099 relationship.

Regards,

Shan Padda

Chief Executive Officer

009



```
            SILVERADO
         455 E PEBBLE RD
     LAS VEGAS, NV 89123-9998
           (800)275-8777
09/17/2021                       04:27 PM
------------------------------------------
Product              Qty   Unit     Price
                           Price
------------------------------------------
PM Express 2-Day      1              $26.35
Flat Rate Env
    Austin, TX 78738
    Flat Rate
    Signature Requested
    Scheduled Delivery Date
        Mon 09/20/2021 06:00 PM
    Money Back Guarantee
    Tracking #:
        EJ692751574US
    Insurance                         $0.00
        Up to $100.00 included
Total                                $26.35

------------------------------------------
Grand Total:                         $26.35
------------------------------------------
Credit Card Remitted                 $26.35
    Card Name: AMEX
    Account #: XXXXXXXXXXXX4007
    Approval #: 828409
    Transaction #: 859
    AID: A000000025010801         Chip
    AL: AMERICAN EXPRESS
    PIN: Not Required
------------------------------------------

*******************************************
USPS is experiencing unprecedented volume
    increases and limited employee
   availability due to the impacts of
  COVID-19. We appreciate your patience.
*******************************************

   In a hurry? Self-service kiosks offer
    quick and easy check-out. Any Retail
         Associate can show you how.

     Save this receipt as evidence of
  insurance. For information on filing an
          insurance claim go to
     https://www.usps.com/help/claims.htm

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
  and Data rates may apply. You may also
 visit www.usps.com USPS Tracking or call
              1-800-222-1811.

              Preview your Mail
             Track your Packages
             Sign up for FREE @
        https://informeddelivery.usps.com

    Earn rewards on your business account
       purchases of Priority Mail labels
        with the USPS Loyalty program by
          using Click and Ship. Visit
           www.usps.com/smallbizloyalty
                for more info.

           United States Postal Service
              NOW HIRING NATIONWIDE
      Career Path Positions with Benefits
                Apply online at
              www.usps.com/careers

   All sales final on stamps and postage.
    Refunds for guaranteed services only.
          Thank you for your business.
```

010

10/25/21, 8:27 AM                                              USPS.com® - USPS Tracking® Results

First

*Last Name

Last

*Email Proof of Delivery to up to three addresses

email123@mail.com

**Add Another Email +**

Request Email

## Tracking History

**September 20, 2021, 4:43 pm**
Delivered, Front Desk/Reception/Mail Room
AUSTIN, TX 78738
Your item was delivered to the front desk, reception area, or mail room at 4:43 pm on September 20, 2021 in AUSTIN, TX 78738. The item was signed for by M TURNER.

**September 20, 2021, 10:29 am**
Out for Delivery
AUSTIN, TX 78738

**September 20, 2021, 10:18 am**
Arrived at Post Office
AUSTIN, TX 78734

**September 20, 2021, 12:22 am**
Arrived at USPS Regional Destination Facility
AUSTIN TX DISTRIBUTION CENTER

**September 17, 2021, 7:29 pm**
Arrived at USPS Regional Origin Facility
LAS VEGAS NV DISTRIBUTION CENTER



**TECHNOLOGY LAWYERS**

1605 LAKECLIFF HILLS LN., SUITE 100
AUSTIN, TX 78732

October 1, 2021

shan@harvardmedtech.com
Shan Padda
Harvard MedTech of Nevada, LLC
6280 South Valley View Blvd., Suite 400
Las Vegas, NV 89118

  **Re:** **Marcus Turner v. Harvard MedTech of Nevada, LLC, et al.**

Dear Mr. Padda:

This Firm represents Mr. Marcus Turner. Please find attached a draft petition we have prepared on his behalf against you and Harvard MedTech of Nevada, LLC regarding outstanding compensation and reimbursement of travel expenses owed to Mr. Turner in accordance with the terms of his Employment Agreement with you and MedTech of Nevada, LLC.

We are extending the courtesy of providing a copy of the Petition prior to filing in the event this dispute can be informally resolved. We look forward to a prompt response from you with an offer to provide full payment for all amounts due. You may contact me at jennifer.trillsch@jonesspross.com for further discussion.

In the interim, Mr. Turner reserves all rights and remedies available to him under the law and in equity. Further, by way of this letter, Mr. Turner requests that you and any employees or agents acting on behalf of Harvard MedTech of Nevada, LLC, preserve all electronically stored information, copies and backup, along with any paper files that are relevant to this dispute, including but not limited to all written exchanges between Mr. Turner and you or any person employed by or otherwise performing services for Harvard MedTech of Nevada, LLC. This request extends to Harvard MedTech of Nevada, LLC's electronically stored information as well as electronically stored information contained in your personal accounts.

If you would like to discuss informal resolution of this matter prior to our filing the petition, please email me before close of business on October 7, 2021. If I do not hear from you by that time, we will proceed with litigation.

            Sincerely,

            */s/ Jennifer Trillsch*

            Jennifer Brown Trillsch
            Jennifer.trillsch@jonesspross.com

JBT/nlm
Encl.

012